

# Fourth Court of Appeals
## San Antonio, Texas

January 10, 2023

No. 04-22-00655-CR

Alan **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR0224
Honorable Michael E. Mery, Judge Presiding

# O R D E R

Appellant Alan Perez and the State entered into a plea-bargain agreement under which appellant pleaded "true" to the allegations in the motion to adjudicate in exchange for the State's sentencing recommendation of five years' imprisonment. The trial court sentenced Perez in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification. *See id.* R. 25.2(d). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

Here, the clerk's record and the reporter's record of the motion to revoke hearing establish the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The records also support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, appellant is given notice that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record **by February 9, 2023**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003,

order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines suspended until further order of the court. We further **ORDER** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of January, 2023.

_____
MICHAEL A. CRUZ, Clerk of Court